F I L E D
CLERK OF COURT

2025 MAR 21 AM 10: 45

SUPERIOR COURT
OF GUAM



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>                    Plaintiff,<br><br>vs.<br><br>TOSHIE SALVADORE<br><br>                    Defendants. | Criminal Case No. CF0800-24<br><br>**DECISION AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on February 20 and March 6, 2025, for a Further Proceedings. The Court addressed Defendant's Motion in Limine to Bifurcate Special Allegation and Motion in Limine to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts. Alternate Public Defender Attorney Brycen Breazeale appeared for Defendant Toshie Salvadore and Assistant Attorney General J. David Griffin appeared for the People of Guam ("People"). After reviewing the Motions, as well as Opposition from the People, the Court now issues the following order **GRANTING** the Defendant's Motion to Bifurcate Special Allegation and Motion to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts, and **DENYING** Defendant's Motion in Limine to Exclude all Discovery Received by Defense After the Discovery Cutoff Date.

Decision and
Order on Defendant's Motions in Limine
CF0800-24, *People of Guam v. Toshie Salvadore*
Page 1 of 5

## PROCEDURE

On January 17, 2025, Defendant filed Defendant's Motion in Limine to Exclude all Discovery Received by the Defense after the Discovery Cutoff Date, Defendant's Motion in Limine to Bifurcate Special Allegation, and Motion in Limine to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts. In the hearing held on March 6, 2025, Assistant Attorney General Griffin informed the Court that the Office of the Attorney General did not object to the Motion to Bifurcate Special Allegation or the Motion to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts. Mr. Griffin further stated that it was his belief that all discovery had been provided to the Defense, aside from a possible small statement from a witness. The Court reviewed the filings, arguments, and applicable law and now issues this Decision and Order.

## RULINGS

The Court addresses each Motion in Limine in turn.

### I. Motion in Limine to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts

The Court **GRANTS** Defendant's Motion to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts. The Defendant has moved to prevent the People from introducing evidence or otherwise mentioning his alleged prior criminal conduct or wrongful acts, as prohibited by the Guam Rules of Evidence ("GRE") Rules 401-404.

GRE 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." The Rule goes on to explain that prior wrong acts may be admissible if they are being used for another

Decision and
Order on Defendant's Motions in Limine
CF0800-24, *People of Guam v. Toshie Salvadore*
Page **2** of **5**

purpose, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, the Defendant has the right to request that either 1) the prosecution provide reasonable notice in advance of trial, or 2) during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. GRE 404(b).

Generally, relevant evidence, defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is admissible under the Guam Evidence Rules, however, under GRE 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The People have not given notice of any intent to use evidence of alleged past wrongs, and have represented a willingness to comply with Defense's request to avoid mentioning alleged prior criminal or wrongful acts. The Court agrees with the Defendant that allowing this type of evidence to be shown to the jury at trial would prejudice the Defendant, and that its probative value would be substantially outweighed by the danger of unfair prejudice. This evidence would cast Mr. Salvadore in a more negative light in the eyes of the jury, while failing to make it legally more or less likely that he actually committed the crimes in the indictment. Therefore, this Court grants the Defendant's Motion to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts.

Decision and
Order on Defendant's Motions in Limine
CF0800-24, *People of Guam v. Toshie Salvadore*
Page 3 of 5

## II. Defendant's Motion in Limine to Bifurcate Special Allegation

The Court **GRANTS** the Defendant's Motion in Limine to Bifurcate Special Allegation. Applying a similar analysis as above, the Court finds that the probative value of allowing the jury to be aware of the Notice that Defendant was allegedly on felony release is substantially outweighed by the danger of unfair prejudice to Defendant. Furthermore, there is precedent, both in Guam and nationally, for bifurcating certain trials between underlying charges and enhancements. *People v. Muritok*, 2003 Guam 21 ¶ 43; *Apprendi v. New Jersey*, 530 U.S. at 521 n.10 (Thomas, J., concurring). The Guam Supreme Court has further recognized the "inherently prejudicial nature of a jury becoming apprised of aggravating facts before a conviction has been obtained." *See People v. Muritok*, 2003 Guam 21, n.8. Therefore, to avoid the prejudice of allowing the jury to hear the aggravating factors in the enhancement, and to ensure the any increased penalties are proven at trial beyond a reasonable doubt, the Court grants the Motion requesting bifurcation of the Notice of Commission of a Felony While on Felony Release.

## III. Defendant's Motion in Limine to Exclude All Discovery Received by the Defense After the Discovery Cutoff Date

The Court **DENIES** Defendant's Motion in Limine to Exclude All Discovery Received by the Defense After the Discovery Cutoff Date. At the Hearing on March 6, 2025, Assistant Attorney General Griffin represented, and Counsel for the Defendant did not dispute, that the People have now provided all discovery in their possession, aside from one possible witness statement of which the Defense is aware. In his Motion, the Defendant argued that "given the volume of discovery, the Defense simply cannot prepare an adequate defense at trial." Defendant's Motion in Limine to Exclude All Discovery... (Jan. 17, 2025). However, given the

Decision and
Order on Defendant's Motions in Limine
CF0800-24, *People of Guam v. Toshie Salvadore*
Page **4** of **5**

fact that the Court has several trials scheduled before Mr. Salvadore's trial and the next hearing in this case is not to take place until 45 days from March 6, 2025, the Court believes, and the Defense did not dispute, that it will have sufficient time to review the discovery. At the hearing on March 6, 2025, Counsel for the Defendant also represented his intention to get "up to speed" on this case over the following weekend after taking the case over from another attorney. Therefore, based on representations from the parties, the Court will allow all discovery received up to this point, and any continuing discovery to be admitted, so long as it is shared contemporaneous to the time it is received by the People.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's Motion in Limine to Bifurcate Special Allegation and the Motion in Limine to Prohibit the People from Mentioning Alleged Prior Criminal Conduct or Wrongful Acts, **ORDERS** that the Notice of Commitment of Felony While on Felony Release in the indictment be bifurcated from the remainder of the trial, and **PROHIBITS** the People from mentioning alleged prior criminal conduct or wrongful acts of the Defendant. The Court **DENIES** Defendant's Motion in Limine to Exclude All Discovery Received by the Defense After the Discovery Cutoff Date.

SO ORDERED, this _20_ day of _March_ 2025.

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, APO_

Date:_3/21/25_ Time: _10:51 am_

_Antonio A Cruz_
Deputy Clerk, Superior Court of Guam

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

Decision and
Order on Defendant's Motions in Limine
CF0800-24, *People of Guam v. Toshie Salvadore*
Page **5** of **5**